"MANDATORY CHAMBERS COPY"

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALMA SUMARAN, an individual, PAMELA COLEMAN, an individual, | Case No.: 2:15-cv-02659-GW (MANx) (SSx) |
| Plaintiffs, | Assigned to Courtroom: 10 The Hon. George H. Wu |
| vs. | |
| GARDEN ESTATE APARTMENTS LLC, a California Limited Liability Company, | [~~PROPOSED~~] CONFIDENTIALITY ORDER |
| Defendant. | Action Commenced: 04/09/2015 Trial Date: 04/05/2016 Discovery Cut-Off: 12/08/2015 Law & Motion Cut-Off: 02/22/2016 |

The parties having entered into a Stipulation for the entry of a Confidentiality Order to govern the disclosure, dissemination, and use of "Confidential Information" produced by the parties in this action, and the Court having reviewed the Stipulation and finding good cause for the entry of such an order, HEREBY ORDERS THAT:

## CONFIDENTIAL INFORMATION

1. Southern California Housing Rights Center ("HRC"), counsel for Plaintiff, contends that information regarding the investigative techniques used by

the HRC staff and information relating to any investigation carried out by the HRC is confidential and the public disclosure of such information would jeopardize ongoing and future investigation of other property owners' and would tax the limited resources of the HRC by requiring them to continually find new investigative techniques. Therefore, HRC seeks to designate documents related to its investigative techniques as confidential. See *Shammouh v. Karp*, 1996 U.S. Dist. LEXIS 16334 (E.D. Pa. Nov. 5, 1996) (holding good cause exists to treat information regarding the identities of testers and investigative techniques as confidential).

    2.    Parties also seek to designate as Confidential Information documents pertaining to the ownership or operation of the subject properties, as well as the financial and personal information pertaining to tenants, employees, or independent contractors associated with the management of the subject properties.

    3.    Any documents or things produced in discovery that contain or reveal Confidential Information or that are designated as Confidential Information under the terms of the Order, and all copies, recordings, abstracts, excerpts, analyses, court filings, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such Confidential Information shall be deemed to be Confidential Information until and unless the court rules otherwise.

    4.    The provisions of the Order shall not apply to information which can be shown by competent evidence to be: (i) in the public domain at the time of disclosure or, through no fault of the Receiving Party, in the public domain after the time of disclosure; (ii) known to or developed by the Receiving Party prior to the time of disclosure; or (iii) obtained from a third party unrelated to the parties or action and not within its employ.

**DOCUMENTS**

    5.    For the purposes of this Confidentiality Order, "Documents" means all written, recorded, computerized, electronic, or graphical material or information

and things, whether produced or created by a Party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

## PARTIES

6. A "Disclosing Party" is the party who produces or discloses Confidential Information, or on whose behalf such information is disclosed, to a receiving party's attorneys. A "Receiving Party" is any party (either Plaintiff or a defendant) that receives or is permitted to receive Confidential Information from the Disclosing Party under the Order.

## DESIGNATION OF CONFIDENTIALITY

7. Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Confidentiality Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose. The following describes the procedure for designating "Confidential Information" as "Confidential."

    a. Confidential Information may be designated by a Disclosing Party as "Confidential" by marking it as "Confidential" or by designating the information as "Confidential" by any separate writing sufficient to identify the information which is provided to the Receiving Party.

    b. Where such designation is made by stamping or similar means, it shall be made by placing notice on the document, thing, response to discovery, deposition or court transcript or record, information, or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information.

    c. Information and documents designated as "Confidential Information" shall be subject to the disclosure restrictions of the Order. Any Receiving Party or other person who receives a document so designated is subject

1  to this Confidentiality Order and the jurisdiction of the Central District of
2  California for enforcement of the Order.
3         d.     If a party wishes to challenge the designation of a document or
4  portion of a document as "Confidential," the party challenging the designation
5  shall meet and confer in good faith with the designating party in an attempt to
6  resolve the dispute pursuant to Local Rule 37-1. If the parties are unable to resolve
7  their dispute, they agree to file a joint stipulation, including all issues in dispute
8  and the contentions and points of authorities of each party, prior to seeking
9  adjudication of the matter pursuant to Local Rule 37-2 and Fed. R. Civ. P. 26(c).
10 Any motion challenging a confidential designation must be filed in strict
11 compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation
12 requirement). The party seeking confidentiality has the burden of establishing that
13 protection is warranted under Fed. R. Civ. P. 26(c).

**DISCLOSURE**

15       8.     Confidential Information disclosed by a Disclosing Party under the
16 Order shall be used by the Receiving Party only for purposes of this litigation and
17 not for any business, commercial, scientific, competitive, or other purpose
18 whatsoever.
19       9.     Nothing in this Confidentiality Order shall be construed to impose
20 affirmative obligations on the Court or court personnel, who are subject only to the
21 Court's internal procedures regarding the handling of material filed or lodged
22 under seal. Confidential Information shall not be disclosed by the parties or their
23 counsel to anyone other than the Court and its officers, counsel and their agents
24 and employees, and the parties.
25       10.    Counsel may disclose Confidential Information to qualified third-
26 parties employed or retained to assist in the prosecution, defense, or settlement of
27 this action, such as investigators, expert witnesses and technical advisers. Anyone
28 (other than the Court and its personnel) who is allowed to receive Confidential

Information shall be provided with a copy of this Confidentiality Order and shall sign a Non-Disclosure Agreement in form set forth below or in a substantially similar form before such disclosure is made:

Non-Disclosure Agreement

I, (name of individual), have read and fully understand the Confidentiality Order dated (date), in the action *Sumaran, et al v. Garden Estate Apartments, LLC*, in the United States District Court for the Central District of California. I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the Central District of California for any proceedings with respect to said Confidentiality Order. I will not divulge to persons other than those specifically authorized by said Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Court.

Dated: (Signature)

(Address)

(Telephone)

11. Confidential Information may be filed with the Court under seal only by following the requirements set forth in Local Rule 79-5.

12. Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving "Confidential Information" will be raised, shall so advise the Court.

**INADVERTENT DISCLOSURE**

13. In the event that a party discovers after they have produced information that they have inadvertently failed to designate as "Confidential Information," that was not designated as Confidential, the disclosing party may

designate the information as Confidential by a subsequent notice in writing identifying the information and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in the Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

## OTHER

14. Nothing in this Confidentiality Order shall affect the admissibility of any Confidential Information in this action. By producing the confidential documents, producing Parties do not waive any objection to the confidential documents' admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

15. Within 30 days after the termination of this action all Confidential Information produced by a party shall be returned to that party's counsel.

16. Nothing in this Confidentiality Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action. The execution of this Confidentiality Order shall not preclude any party from objecting to discovery that it believes to be improper, from moving the Court for confidentiality orders in the course of this litigation, or from moving for an order modifying or expanding this Confidentiality Order as needed.

17. This Confidentiality Order shall survive the final termination of this action. The Court shall retain jurisdiction to enforce this Confidentiality Order for six months after the final termination to resolve any dispute concerning the use of Confidential Information.

18. The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

///
///
///

**IT IS SO ORDERED.**

8/14/15

*[signature]* SUZANNE H. SEGAL

Hon. Margaret A. Nagle
United States Magistrate Judge